IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON L. JEFFERSON,

      Plaintiff,                            No. CIV S-08-1747 WBS EFB P

   vs.

L. FLOHR, et al.,                          <u>ORDER AND</u>
                                                  <u>FINDINGS AND RECOMMENDATIONS</u>
      Defendants.

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff's July 29, 2008 complaint names defendants Flohr, Harris, and Stoker. Defendants filed an answer to the complaint on July 10, 2009.

      On October 16, 2009, plaintiff filed a motion to amend his complaint and submitted a proposed first amended complaint naming two new defendants. On November 16, 2009, defendants Flohr, Harris, and Stoker filed an answer to the amended complaint, which the court construes as a statement of non-opposition to the motion to amend. Since the amended complaint names two additional defendants, however, the court must screen the complaint to determine whether, for the limited purposes of § 1915A, the complaint states a cognizable claim against these newly named defendants.

////

1

The court finds that for the limited purposes of § 1915A screening, the amended complaint states a cognizable Eight Amendment claim against defendant Swanson. *See* 28 U.S.C. § 1915A. The complaint does not state a cognizable claim against defendant Kramer.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff names defendant Kramer as a defendant solely because Kramer "is the warden at Folsom State Prison and is responsible for its operation, overall." Dckt. No. 22. Plaintiff may not sue any supervisor, such as defendant Kramer, on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A supervisor may be held liable in his or her individual capacity "'for his own culpable action or inaction in the training, supervision or control of his subordinates.'" *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This claim should be dismissed without leave to amend.

Accordingly, the court hereby ORDERS that:

1. Plaintiff's October 16, 2009 motion to amend is granted.

2. The allegations in the pleading are sufficient at least to state a cognizable Eighth Amendment claim against defendant Swanson. *See* 28 U.S.C. § 1915A.

3. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed October 16, 2009, one USM-285 forms and instructions for service of process on defendant Swanson. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the October 16, 2009 complaint. The court will transmit

them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendant Swanson will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

    4. Failure to comply with this order will result in a recommendation that this action be dismissed as to defendant Swanson.

Further, it is hereby RECOMMENDED that, for the reasons stated above, plaintiff's claim against defendant Kramer be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | IN THE UNITED STATES DISTRICT COURT | |
| 7 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |

DON L. JEFFERSON,

     Plaintiff,                  No. CIV S-08-1747 WBS EFB P

    vs.

L. FLOHR, et al.,

     Defendants.             <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__    completed summons form

        __1__    completed forms USM-285

        __2__    copies of the October 16, 2009 Amended Complaint

Dated:

                                                        Plaintiff