IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON L. JEFFERSON,

        Plaintiff,                        No. CIV S-08-1747 WBS EFB P

     vs.

L. FLOHR, et al.,

        Defendants.         ORDER

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on the amended complaint filed October 16, 2009. Dckt. No. 22. The United States Marshal ("Marshal") has requested reimbursement of expenses incurred in personally serving defendant Swanson. Dckt. No. 51.

      On October 18, 2010, the court ordered the Marshal to serve process upon defendant Swanson. Dckt. No. 44. The Marshal was directed to attempt to secure a waiver of service before personally serving defendant. *Id.* However, if a waiver of service was not returned within 60 days, the Marshal was directed to (1) personally serve the defendant without prepayment of costs under Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c); and (2) file the return of service with evidence of attempts to secure a waiver and costs subsequently incurred in effecting personal service. *Id.*

1

1  The form USM-285/Process Receipt and Return filed by the Marshal on March 18, 2011,
2  shows that the Marshal mailed Swanson a waiver of service form on November 15, 2010. Dckt.
3  No. 52. The form includes a notation that the waiver of service was not returned. *Id.* The
4  Marshal was therefore required to complete personal service on Swanson. The form shows that
5  the total charges for personally serving defendant Swanson amount to $122.08. *Id.*

6  Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

> An individual . . . that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.
>
> . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant the expenses later incurred in making service . . . .

Fed. R. Civ. P. 4(d)(1)-(2). Thus, the Marshal may be entitled to the costs sought, as it appears that defendant Swanson was given the opportunity required by Rule 4(d)(2) to waive service but failed to do so.

Accordingly, the court hereby ORDERS that:

1. Within 14 days from the date of service of this order, defendant Swanson shall pay to the United States Marshal the sum of $122.08, unless within that time Swanson files a written statement showing good cause for failing to waive service.

2. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal.

DATED: April 25, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2