IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON L. JEFFERSON,

        Plaintiff,                      No. 2:08-cv-1747 WBS EFB P

        vs.

L. FLOHR, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

                                /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that he suffers from depression and that defendant Swanson was deliberately indifferent to his serious medical needs by implementing a policy that resulted in the discontinuation of plaintiff's prescription for Bupropion. Defendant Swanson moves for summary judgment. Because the court has already decided that the discontinuation of the Bupropion prescription did not violate plaintiff's Eighth Amendment rights and that ruling is now law of the case, the court recommends that Swanson's motion be granted.

**I.    Background**

        In his October 16, 2009 amended complaint, plaintiff alleged that defendants Flohr, Harris, Stocker and Swanson were deliberately indifferent to his serious medical needs by denying him Buproprion to treat his depression. Dckt. No. 22.

1

On September 28, 2010, the district judge adopted the undersigned's recommendation to grant defendants Flohr, Harris, and Stocker's motion for summary judgment. *See* Sept. 28, 2010 Order ("Dckt. No. 42"); Aug. 16, 2010 Findings & Recommendations ("Dckt. No. 40"). In recommending summary judgment for those defendants, the court found it to be undisputed that plaintiff's Buproprion prescription was discontinued because he was no longer eligible to receive Buproprion pursuant to a policy issued by defendant Swanson, the Chief Psychiatrist for California Department of Corrections and Rehabilitation (CDCR) Healthcare Services. Dckt. No. 40 at 5-6. As to defendant Flores, the undersigned specifically found:

> Plaintiff's claim against Flohr amounts to a mere difference of opinion as to which antidepressant medication plaintiff should be taking. It is undisputed that Flohr offered plaintiff several antidepressant medications, other than Wellbutrin and Buproprion, which were appropriate for plaintiff's medical condition. Defs.' SUF 31. It is also undisputed that plaintiff always refused the medications that Flohr offered him, because plaintiff only wanted a prescription for Buproprion. *Id.* Therefore, plaintiff was not denied appropriate medication, he was merely denied the medication of his choice. As defendants argue, plaintiff's disagreement with prison medical authorities about his need for a particular medical treatment cannot give rise to a section 1983 claim. *See* Defs.' P. & A. at 10 (citing *Franklin*, 622 F.2d at 1344). Plaintiff fails to provide any evidence suggesting that the alternative medications offered by Flohr were medically unacceptable. Nor is there any evidence to support the contention that Flohr was deliberately indifferent to plaintiff's medical needs. Accordingly, Flohr is entitled to summary judgment.

*Id.* at 10. Finding there was no evidence that defendants Flohr, Harris or Stocker were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment, the court granted the motion for summary judgment. Dckt. No. 40, 42.

Subsequently, defendant Swanson appeared and moved for summary judgment. Swanson's Answer, filed April 14, 2011 (Dckt. No. 53); Swanson's Mot. for Summ. J. ("Dckt. No. 60"). Plaintiff opposed the motion and Swanson filed a reply. As discussed below, the court recommends that Swanson's motion be granted.

////

////

////

## II. Discussion

In his motion for summary judgment, Swanson argues in part that issue preclusion prevents plaintiff from relitigating the constitutionality of his medical care. Dckt. No. 60 at 9-10. Swanson points out that this court granted Flohr's motion for summary judgment on the ground that plaintiff "was not denied appropriate medication, he was merely denied the medication of his choice." *Id.* at 9 (citing Dckt. No. 42). Therefore, according to Swanson, the question of whether plaintiff received appropriate medical care under the Bupropion policy has already been decided and cannot be re-litigated. *Id.* Swanson reasons that since this court has determined that plaintiff was not denied appropriate medication, plaintiff has no claim against him. *Id.*

Although Swanson relies on the doctrine of issue preclusion, the applicable doctrine is law of the case. The law of the case doctrine applies to questions decided during the course of a single lawsuit. *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986); *cf United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) ("The . . . doctrine of collateral estoppel, or issue preclusion, provides that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (quotation omitted)).

Under the law of the case doctrine, "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *United States v. Bad Marriage*, 439 F.3d 534, 538 (9th Cir. 2006). "Issues that a district court determines during pretrial motions become law of the case," *United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 479 (Nov. 8, 2004), but only if the issue in question was "decided explicitly or by necessary implication in [the court's] previous disposition," *Milgard Tempering v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (citation omitted).

In this case, plaintiff claims that Swanson violated his Eighth Amendment rights by issuing a policy that resulted in the discontinuation of plaintiff's Bupropion prescription. Dckt.

No. 22; Pl.'s Opp'n to Def.'s MSJ ("Dckt. No. 62"). But this court has already decided that the discontinuation of plaintiff's Bupropion prescription did not violate plaintiff's Eighth Amendment rights. *See* Dckt. No. 40, 42. This court reasoned that plaintiff's disagreement with his doctor's choice of antidepressant could not give rise to a constitutional claim, and determined that plaintiff had not been denied appropriate medication for his depression. Dckt. No. 40 at 10. *Id.* By necessary implication then, this court determined that Swanson's Bupropion policy did not result in a violation of plaintiff's constitutional rights.

According to the law of the case doctrine, a prior decision should be followed unless (1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) substantially different evidence is adduced at a subsequent proceeding. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). Here, none of these conditions exist. Through his opposition, plaintiff merely reiterates his opinion that his depression should have been treated with Bupropion. *See* Dckt. No. 62. It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Moreover, it has already been decided that plaintiff was "not denied appropriate medication, he was merely denied the medication of his choice." Dckt. No. 40 at 10.

Accordingly, based on the law of this case, IT IS HEREBY RECOMMENDED that:

1. Defendant Swanson's November 8, 2011 motion for summary judgment be granted; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5