1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DON L. JEFFERSON,

11              Plaintiff,                    No. 2:08-cv-1747 WBS EFB P

12        vs.

13   L. FLOHR, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently pending are the undersigned's findings and recommendations to

18   resolve defendant Swanson's November 8, 2011 motion for summary judgment.  In those

19   findings and recommendations, the undersigned recommends that defendant's motion be granted

20   based on the law of the case doctrine.  *See* July 12, 2012 F&Rs, Dckt. No. 64 at 3-4 (relying on

21   findings within court's earlier ruling on defendant Flohr's motion for summary judgment).

22       The Ninth Circuit Court of Appeals recently issued a decision addressing how to ensure

23   that a pro se prisoner plaintiff has "fair, timely and adequate notice" of what is required of him to

24   oppose a defendant's motions for summary judgment.  *See Woods v. Carey*, ___ F.3d ___, Nos.

25   09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012) ("The *only*

26   satisfactory practice to ensure that prisoners receive adequate notice pursuant to *Rand* . . . is to

1

provide such notice *at the time that the relevant motions are filed*." (emphasis added)); *Rand v.*
*Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring that the notice state that the court has
required that it be given and that it be set forth in a separate document that is served with the
moving papers).  Here, neither of the summary judgment motions was served on plaintiff with an
adequate *Rand* notice.

In light of the *Woods* decision, defendant Swanson requests that the court allow plaintiff
an opportunity to supplement his opposition to Swanson's motion.  Dckt. No. 65.  Because the
findings and recommendations on Swanson's motion rely on findings within the court's earlier
ruling on Flohr's motion, supplemental briefing, if at all, must be allowed as to both motions.
Therefore, defendant Swanson's request is granted in that the court will give plaintiff the
opportunity to submit new briefing on either or both of the motions for summary judgment filed
in this case.  If plaintiff so requests, the court will direct defendants Flohr and/or Swanson to re-
serve their motions for summary judgment, along with the appropriate *Rand* notice, and allow
plaintiff the opportunity to file a new opposition to either or both of those motions.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant Swanson's request for supplemental briefing (Dckt. No. 65) is granted.

2.  If plaintiff requests that the court direct defendants Flohr and/or Swanson to re-serve
their motions for summary judgment and allow plaintiff the opportunity to file new oppositions
to either or both of those motions, he shall so inform the court no later than 14 days from the date
of this order.  Otherwise, the earlier ruling on defendant Flohr's motion will not be set aside and
the pending findings and recommendations on defendant Swanson's motion will be submitted to
the district judge.

////

////

////

////

3.  Plaintiff is hereby informed as follows:

The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial.  If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant.  A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.  For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your denial.  *See* L.R. 260(b).  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.  The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. *See* L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

DATED:  August 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3