IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON L. JEFFERSON,

        Plaintiff,                        No. 2:08-cv-1747 WBS EFB P

    vs.

L. FLOHR, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He claims that he suffers from depression and that defendants Swanson and Flohr ("defendants") were deliberately indifferent to his serious medical needs by discontinuing his prescription for Bupropion.[1] Dckt. No. 22 (Oct. 16, 2009 Am. Compl.). Pending before the court is defendants' October 23, 2012 motion for summary judgment. Dckt. No. 71. For the reasons explained below, the motion must be granted.

////

---

[1] The complaint also named Harris and Stocker as defendants. However, they were granted summary judgment on September 28, 2010. *See* Dckt. Nos. 40, 42. The September 28, 2010 order was later vacated only to the extent that it granted summary judgment to defendant Flohr. *See* Dckt. No. 70 (referring to notice requirements for summary judgment motions imposed by *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012)).

1

## I. Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving

2

party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

1 *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).  Rather, the opposing party must, by affidavit
2 or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue
3 for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to
4 demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such
5 that a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson*,
6 477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

7     The court does not determine witness credibility.  It believes the opposing party's
8 evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255;
9 *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the
10 proponent must adduce evidence of a factual predicate from which to draw inferences.  *American*
11 *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J.,
12 dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts
13 at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441
14 (9th Cir. 1995).  On the other hand,"[w]here the record taken as a whole could not lead a rational
15 trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*,
16 475 U.S. at 587 (citation omitted); *Celotex.*, 477 U.S. at 323 (If the evidence presented and any
17 reasonable inferences that might be drawn from it could not support a judgment in favor of the
18 opposing party, there is no genuine issue).  Thus, Rule 56 serves to screen cases lacking any
19 genuine dispute over an issue that is determinative of the outcome of the case.

20     Defendants' motion for summary judgment included a notice to plaintiff informing him
21 of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil
22 Procedure.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952,
23 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849
24 F.2d 409 (9th Cir. 1988).

25 ////

26 ////

**II.  Analysis**

Defendants seek summary adjudication of plaintiff's claim that they were deliberately indifferent to his serious medical needs. To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Defendants contend that plaintiff's personal disagreement about his need for a particular medical treatment – here, Buproprion – cannot give rise to an Eighth Amendment claim.[2] Indeed, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Rather, a plaintiff must show that the course chosen by the defendant was medically unacceptable under the circumstances and that the defendant was aware of the risk posed by the chosen course. *Jackson*, 90 F.3d at 332; *Farmer*, 511 U.S. at 840. Defendants contend that plaintiff cannot make this showing because (1) under the California Department of Corrections and Rehabilitation's (CDCR) Buproprion policy, issued in October 2007, plaintiff was not eligible to receive Buproprion; and (2) plaintiff was offered alternative medications that provided the same benefits as Buproprion, without the side effects, but plaintiff refused to accept them. Dckt. No. 72-1, Swanson Decl. ¶¶ 3-4, 7, 11, Ex. A; Flohr Decl. ¶¶ 7-10; Stringer Decl. at 001, 003-005, 011-013; Alves Decl., Ex. A (Pl.'s Dep.) at 110:10-23; 111:5-13; 114:20-23; 121:4-15.

The point of focus here is on whether there is evidence upon which a reasonable jury could find that defendants knew of a serious medical risk to plaintiff if he were not provided Buproprion, and yet were deliberately indifferent to that risk. There is not. Rather the evidence is to the contrary. Plaintiff, who admittedly has no medical training, admits that Swanson instituted the Buproprion policy because other available medications could provide the same benefits as Buproprion, without the side effects and associated misuse. Dckt. No. 75 ("Pl.'s Opp'n") at 21, 22.[3] Plaintiff further admits that he was offered alternatives to Buproprion and that he refused to take them. *Id.* at 23-25. Plaintiff maintains that he was nevertheless entitled to Buproprion and that defendants violated his Eighth Amendment rights by denying him access to

---

[2] The parties agree that the drug Buproprion is the generic form of the drug Wellbutrin.

[3] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by plaintiff.

6

it. However, the evidence submitted by plaintiff fails to create a triable issue as to whether the denial of Buproprion was medically unacceptable under the circumstances or otherwise posed an excessive risk to his health.

First, plaintiff contends that he was entitled to continue taking Buproprion, even under CDCR's Buproprion policy. *Id.* at 6. He produces no evidence, however, to support this contention. Moreover, the assertion is contrary to the policy. *See* Dckt. No. 72-1, Swanson Decl., Ex. A (policy setting forth eligibility criteria for the use of Buproprion, including blood tests to confirm clinical trial periods of alternative anti-depressants). Further, even if he could support his assertion he provides no evidence that would not allow a reasonable juror to infer that by discontinuing plaintiff's Buproprion prescription and offering plaintiff alternative medications with less risk of side effects and potential for abuse, either defendant knowingly exposed plaintiff to a substantial risk of serious harm.

Second, plaintiff contends that a January 22, 2008 response to his administrative appeal somehow entitled him to continue taking Buproprion. Pl.'s Opp'n at 8. However, the response to which plaintiff refers actually denied his request to continue taking Wellbutrin. *Id.*, Ex. A.

Plaintiff further explains that he had taken Wellbutrin with success since 2001. *Id.* at 4-5. He claims to have had "bad experiences" with anti-depressants that he tried before taking Wellbutrin. *Id.* According to plaintiff, he should be able to "stick with what works," noting that some anti-depressants pose the risk of suicidal thoughts. *Id.* at 26-27, 32, Ex. E ("Depression" by National Institute of Mental Health). These claims amounts to no more than a difference of opinion as to which antidepressant medication is more appropriate for plaintiff to be taking. Contrary to plaintiff's assertions, he was not denied appropriate medication, he was merely denied the medication of his choice because of its increased risk of side effects and potential for abuse. Those protective measure hardly constitute a deliberate indifference to plaintiff's medical needs. Plaintiff's disagreement with prison medical authorities about his need for a particular medical treatment simply cannot give rise to a section 1983 claim. Although plaintiff clearly

7

disagrees with the CDCR Buproprion policy and the decision to discontinue his Buproprion prescription, he fails to create a triable issue as to whether the alternative medications offered to him were medically unacceptable.  Nor is there any evidence to support the contention that either defendant was deliberately indifferent to plaintiff's medical needs.  Accordingly, defendants are entitled to summary judgment.

**III.     Recommendation**

For all of the above reasons, it is hereby RECOMMENDED that the October 23, 2012 motion for summary judgment (Dckt. No. 71) be granted and that the Clerk be directed to enter judgment in favor of all defendants and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 19, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE